**Barbara A. CORMAN, Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

**No. 90–CA–2159–MR.**

Court of Appeals of Kentucky.

Dec. 6, 1991.

Rehearing Denied Feb. 13, 1992.

V. Gene Lewter, Lexington, for appellant.

Frederic J. Cowan, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

Before EMBERTON, HOWERTON and SCHRODER, JJ.

HOWERTON, Judge.

Barbara A. Corman appeals from a judgment of the Fayette Circuit Court sentencing her to one year in prison on each of five counts of theft by deception. Corman contends that the court erred in refusing to consider an alternative sentencing plan as required by KRS 500.095. The trial court relied on KRS 533.060(2) in refusing to consider alternative sentencing, because Corman was on probation from a prior felony conviction at the time she committed her new acts of theft.

While we would tend to agree with Judge Keller's decision based on the language of these two statutes and other principles of law, we nevertheless must conclude that KRS 533.030(5) is applicable to this situation, and it allows the trial court to at least consider alternative sentencing possibilities. We therefore vacate the sentence of imprisonment and remand to the trial court for the purpose of resentencing only.

Corman was indicted by the Fayette County Grand Jury in July 1990 on 45 counts of theft by deception and one count of persistent felony offender second degree. These counts included 9 Class D felonies and 35 misdemeanors. Corman entered a plea of guilty to Counts 1–5 of the indictment pursuant to a plea bargain, and the Commonwealth recommended a one-year sentence on each of these counts and dismissal of the remaining counts.

Corman requested that the court consider her for "alternative sentencing" pursuant to KRS 500.095. That statute provides, in pertinent part, "In every case in which a person pleads guilty to or is convicted of a crime punishable by imprisonment, the judge shall consider whether the person should be sentenced to a term of community service as an alternative to the prison term."

The trial court ruled "that imprisonment is necessary because of the provisions of KRS 533.060" and that "the defendant is not eligible for probation, conditional discharge or alternative sentencing." KRS 533.060(2) generally requires incarceration when one is convicted of a new felony while on parole or probation from a prior felony.

During oral arguments, counsel for Corman presented KRS 533.030(5) to this Court and argued that the latest statutory scheme does not prohibit consideration of alternative sentencing in this fact situation. That statute reads, in pertinent part, "Any prohibitions against probation, shock probation, or conditional discharge under KRS 533.060(2), or 532.045 shall not apply to persons convicted of a misdemeanor or Class D felony and sentenced to a period of confinement or home incarceration under this section." Since the charges against Corman were no greater than Class D felonies, we determine, and the Commonwealth agrees, that the trial court may and should at least consider sentencing alternatives other than incarceration for Corman.

Corman's sentence is hereby vacated, and this case is remanded to the Fayette Circuit Court for resentencing within statutory guidelines and within the discretion of the trial judge.

All concur.